UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE NATIONAL RETIREMENT FUND and the :
BOARD OF TRUSTEES OF THE NATIONAL :
RETIREMENT FUND, :

               Plaintiffs, :

              -vs- :

INTERCONTINENTAL HOTELS GROUP :
RESOURCES, LLC, :

              Defendant. :

------------------------------------------------------------x

**COMPLAINT**

Case No.: 19-8018

## COMPLAINT

Plaintiffs, the National Retirement Fund (the "NRF") and the Board of Trustees of the National Retirement Fund (the "Trustees") (together, the "Fund"), by their attorneys Schulte Roth & Zabel LLP, as and for their complaint against Defendant InterContinental Hotels Group Resources, LLC (formerly known as InterContinental Hotels Group Resources, Inc.) ("IHG") respectfully allege as follows:

## NATURE OF ACTION

1. Plaintiffs bring this action against IHG pursuant to Sections 502(a)(3) and 4301(a) and (b) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1451(a) and (b), on behalf of the Legacy Plan of the National Retirement Fund (the "Legacy Plan"), to enforce the provisions of an employee pension plan and to collect withdrawal liability, liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to Sections 502(a)(3), (e)(1) and (f) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. § 1132(a)(3), (e)(1) and (f) and 1451(a), and (c).

3.      Venue is properly laid in this District pursuant to Section 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d), because the Fund and the Legacy Plan are administered, in part, in New York County, New York.

4.      Venue is also proper in this District because IHG owns, operates and/or manages hotels in New York, New York.

## THE PARTIES

**A.      The Fund**

5.      The NRF is a Taft-Hartley trust fund with half the Trustees selected by the labor organization Workers United and half the Trustees selected by employers that contribute to the NRF.

6.      Prior to a spinoff of certain assets and liabilities of the multiemployer plans sponsored by the NRF, effective December 31, 2017, certain Trustees also were selected by the labor organization UNITE HERE.

7.      The NRF is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

8.      The NRF is governed by an agreement and declaration of trust (the "Trust Agreement").

9.      The NRF is administered in White Plains, New York and Lincoln, Rhode Island. The Trustees generally hold their meetings in New York, New York.

10.     The Legacy Plan is a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

11.     Prior to January 1, 2015, the Legacy Plan was known as the Pension Plan of the National Retirement Fund (the "NRF Plan").  This name change had no effect on the allegations set forth herein.

12.     The Fund, through its Trustees, sponsors and administers the Legacy Plan.

13.     The Trustees are fiduciaries, within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), of the NRF and the Legacy Plan, and are authorized to bring this action under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

**B.     IHG**

14.     Upon information and belief, IHG is a limited liability company, organized under Delaware law with its principal place of business in Atlanta, Georgia.

15.     IHG was formerly known as InterContinental Hotels Group Resources, Inc.  On or about February 2, 2019, IHG changed its name and form of organization to InterContinental Hotels Group Resources, LLC.

16.     IHG does business and, directly or indirectly, owns, operates and/or manages hotels around the world, including throughout the United States and New York State.

17.     IHG is registered with the New York Secretary of State as an active limited liability company.

18.     IHG is an employer within the meaning of Sections 3(5), (11), (12) and 4001(b) of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1301(b), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## FACTUAL BACKGROUND

**The Fund's Assessment of IHG's Withdrawal Liability**

19.     Prior to its complete withdrawal from the NRF, IHG contributed to the NRF Plan.

20.     By letter dated November 24, 2015, the NRF notified IHG that IHG affected a complete withdrawal from the NRF Plan on September 1, 2015, and was liable to the NRF for withdrawal liability in the estimated present value amount of $19,303,143.61, payable commencing on January 1, 2016 in 80 quarterly installment payments of $371,531.49.

21.     The NRF subsequently discovered that IHG had, in fact, withdrawn from the NRF Plan on February 28, 2013.

22.     By letter dated March 10, 2016, the NRF notified IHG that it had revised its assessment of IHG's withdrawal liability (the "Revised Assessment") in light of the NRF's discovery of additional information with respect to IHG's withdrawal from the NRF Plan.

23.     The Revised Assessment provided that IHG was liable for withdrawal liability in the estimated amount of $8,332,824.00, payable commencing on April 1, 2016 in forty quarterly installments of $284,611.01 each, plus a forty-first and final installment of $178,430.23.

24.     By letter dated June 6, 2016, IHG purported to request review of the NRF's assessment of IHG's withdrawal liability pursuant to Section 4219(b)(2) of ERISA, 29 U.S.C. § 1399(b)(2).

25.     By letter dated October 4, 2016, the NRF informed IHG that its request for review was not timely and that ERISA's statutory period for such a request had expired prior to IHG making its request.

**The Arbitration**

26.     On November 28, 2016, IHG filed a demand for arbitration with the American Arbitration Association (the "AAA") to dispute the NRF's assessment of IHG's withdrawal liability (the "Arbitration").

27.     The Arbitration was assigned case number AAA Case No. 01-16-0005-1768.

28.     Arbitrator Mark C. Stephenson was ultimately appointed by the AAA to preside over the Arbitration.

29.     On September 11, 2017, Arbitrator Stephenson ruled that IHG was "foreclosed from arbitrating whether a complete withdrawal occurred" and from arguing in the Arbitration that it was not an employer pursuant to ERISA.

30.     Arbitrator Stephenson concluded, however, that "IHG may arbitrate whether the withdrawal liability amount and payment schedule set forth in the March 10, 2016 assessment are correct."

31.     The Arbitration is still ongoing.

**Felcor's and RLJ's Attempts to Intervene**

32.     On June 19, 2017, FelCor Lodging Trust, Inc. ("FelCor") filed a petition to intervene in the Arbitration.

33.     FelCor claimed that it, and not IHG, was the employer that withdrew from the NRF Plan.

34.     On July 19, 2017, the NRF filed an opposition to FelCor's petition to intervene.

35.     On September 11, 2017, Arbitrator Stephenson denied FelCor's motion to intervene.

36.     On October 6, 2017, RLJ Lodging Trust ("RLJ"), allegedly as successor-in-interest to FelCor, filed a "Complaint to Vacate Arbitration Award" in the United States District Court for the Northern District of Illinois, Case No. 1:17-cv-7245.

37.     In its complaint, RLJ sought to overturn Arbitrator Stephenson's ruling denying FelCor's motion to intervene in the Arbitration.

38.     RLJ also sought from the court an order that RLJ "is the employer of the Union Employees at the Historic District Hotel for purposes of the [Multiemployer Pension Plan Amendments Act], as it was contractually obligated to contribute to the Fund on their behalf at all relevant times" and "an Order that no withdrawal occurred."

39.     On November 2, 2017, the NRF filed an answer to RLJ's complaint and a motion to dismiss RLJ's complaint.

40.     On August 24, 2018, the Illinois district court granted the NRF's motion to dismiss RLJ's complaint.

41.     On September 20, 2018, RLJ filed a notice of appeal to the U.S. Court of Appeals for the Seventh Circuit (the "Seventh Circuit").

42.     On March 27, 2019, RLJ filed a stipulation with the Seventh Circuit to dismiss its appeal, ending RLJ's attempt to intervene in this dispute and have itself declared the employer of the Union Employees at the Historic District Hotel instead of IHG.

**IHG's Delinquency**

43.     Prior to April 1, 2019, FelCor and/or RLJ, on behalf of IHG, timely paid every one of IHG's withdrawal liability installments.

44.     Neither RLJ, FelCor nor IHG remitted IHG's withdrawal liability installment payment of $284,611.01 due to the NRF by April 1, 2019 (the "April 1st Installment").

45.     By letter dated June 19, 2019, the NRF sent a letter to IHG informing it that the April 1st Installment was overdue and that IHG had sixty (60) days in which to cure this missed payment or IHG would be in default within the meaning of 29 C.F.R. § 4219.31 and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

46.     IHG failed to cure its missed April 1st Installment within the 60-day period.

47.     IHG defaulted on its withdrawal liability installments due to the NRF within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

48.     Subsequently, neither RLJ, FelCor nor IHG remitted IHG's withdrawal liability installment payment of $284,611.01 due to the NRF by July 1, 2019 (the "July 1st Installment").

49.     As of September 1, 2019, the present value of IHG's missed and future withdrawal liability installments is $6,517,936.20.

50.     The NRF has no reason to believe IHG's upcoming quarterly withdrawal liability installments, as set forth in the Revised Assessment, will be paid when due.

**The Fund's Requests for Information**

51.     By letter dated October 23, 2015, after the NRF had learned of IHG's withdrawal from the NRF Plan, the NRF propounded written requests for information on IHG pursuant to Section 4219(a) of ERISA, 29 U.S.C. § 1399(a) (the "NRF Requests"), to assist the Fund in assessing and collecting withdrawal liability from IHG.

52.     IHG never responded to the NRF Requests.

## AS AND FOR THE FIRST CLAIM AGAINST IHG
**(For the April 1st Installment, Plus Interest, Liquidated Damages and Attorneys' Fees and Costs)**

53.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-52 with the same force and effect as if set forth at length here.

54.     By failing to pay the April 1st Installment, IHG is in violation of Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

55.     Because IHG failed to pay the April 1st Installment, in violation of Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), IHG is liable to the Fund for interest on the full amount of the April 1st Installment at the rate of one percent (1%) per month or part thereof, non-compounded, calculated pursuant to the Fund's Collections Policy, the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

56.     Because IHG failed to pay the April 1st Installment, in violation of Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), IHG is liable to the Fund for liquidated damages calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

57.     Because IHG failed to pay the April 1st Installment, in violation of Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), IHG is liable to the Fund for attorneys' fees and costs associated with this action pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

58.     The Fund is entitled to collect from IHG full and immediate payment of the April 1st Installment due to the NRF, plus the interest and liquidated damages resulting from the delinquent April 1st Installment, and its attorneys' fees and costs in this action.

## AS AND FOR THE SECOND CLAIM AGAINST IHG
### (For the July 1st Installment, Plus Interest, Liquidated Damages and Attorneys' Fees and Costs)

59.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-58 with the same force and effect as if set forth at length here.

60.     By failing to pay the July 1st Installment, IHG is in violation of Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

61.     Because IHG failed to pay the July 1st Installment, in violation of Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), IHG is liable to the Fund for interest on the full

amount of the July 1st Installment at the rate of one percent (1%) per month or part thereof, non-compounded, calculated pursuant to the Fund's Collections Policy, the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

62.     Because IHG failed to pay the July 1st Installment, in violation of Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), IHG is liable to the Fund for liquidated damages calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

63.     Because IHG failed to pay the July 1st Installment, in violation of Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), IHG is liable to the Fund for attorneys' fees and costs associated with this action pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

64.     The Fund is entitled to collect from IHG full and immediate payment of the July 1st Installment due to the NRF, plus the interest and liquidated damages resulting from the delinquent July 1st Installment, and its attorneys' fees and costs in this action.

### AS AND FOR THE THIRD CLAIM AGAINST IHG
**(For a Response to the NRF Requests and for Full Payment of Complete Withdrawal Liability, Plus Interest, Liquidated Damages and Attorneys' Fees and Costs)**

65.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-64 with the same force and effect as if set forth at length here.

66.     The NRF propounded the NRF Requests to IHG to assist the Fund in assessing and collecting withdrawal liability with respect to IHG's complete withdrawal from the NRF Plan.

67.     IHG did not respond to the NRF Requests, in violation of Section 4219(a) of ERISA, 29 U.S.C. § 1399(a), which requires, without exception, responses to requests made pursuant to the provision be provided within thirty (30) days.

68.     The NRF is entitled to receive the information it requested from IHG pursuant to Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

69.    Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), provides that "[i]n the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made."

70.    Under Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and 29 C.F.R. § 4219.31(b), an employer is in "default" if any "event [defined] in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability" occurs.

71.    Pursuant to Article VIII, Section 6(2)(f) of the Trust Agreement, a default for purposes of Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), occurs when "the Employer fails to provide the Legacy Plan with its response to the Legacy Plan's request for information under Section 4219(a) of ERISA without reasonable explanation."

72.    Because IHG failed to respond to the NRF Requests within 30 days, or otherwise, as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a), and because IHG failed to provide any explanation for its failure to respond to the NRF Requests, IHG is in "default" within the meaning of the Trust Agreement and Section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B).

73.    By reason of IHG's failure to provide the information requested by the NRF through the NRF Requests, the NRF is entitled to accelerate and demand full and immediate payment of the total amount of withdrawal liability owed to the NRF with respect to IHG's complete withdrawal from the NRF Plan in the amount of $6,517,936.20.

74.    By reason of IHG's default, IHG is liable to the Fund for interest on the full amount of IHG's outstanding withdrawal liability at the rate of one percent (1%) per month or

part thereof, non-compounded, calculated pursuant to the Fund's Collections Policy, the Trust

Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

75.     By reason of IHG's default, IHG is liable to the Fund for liquidated damages

calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

76.     By reason of IHG's default, to the Fund for attorneys' fees and costs in this action

pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

77.     The Fund is entitled to collect from IHG full and immediate payment of the full

amount of outstanding withdrawal liability due to the NRF with respect to IHG's complete

withdrawal from the NRF Plan, plus interest, liquidated damages, and its attorneys' fees and

costs in this action.

<u>**AS AND FOR THE FOURTH CLAIM AGAINST IHG**</u>
**(For Injunctive Relief)**

78.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-

77 with the same force and effect as if set forth at length here.

79.     In the event the relief sought in Claim Three of this Complaint is not granted, the

Fund is entitled to injunctive relief compelling IHG to timely pay all of its withdrawal liability

installments as set forth in the Revised Assessment.

80.     Because, upon information and belief, including in light of IHG's failure to pay

the April 1st Installment and the July 1st Installment, IHG will not pay its future withdrawal

liability installments as set forth in IHG's payment schedule absent a Court order requiring IHG

to do so, Plaintiffs are entitled to an injunction requiring IHG to timely pay all withdrawal

liability installments as set forth in the Revised Assessment with respect to IHG's complete

withdrawal from the NRF Plan.

        **WHEREFORE,** Plaintiffs respectfully request the following judgment in favor of

Plaintiffs and Against IHG:

A.      That IHG be held liable for the immediate payment of the April 1st Installment;

B.      That IHG be held liable for the immediate payment of the July 1st Installment;

C.      That IHG be held liable for the immediate payment of the full amount of IHG's outstanding withdrawal liability;

D.      That IHG be held liable for the full and immediate payment of the interest attributable to the delinquent April 1st Installment and the delinquent July 1st Installment at the rate of one percent (1%) per month or part thereof, non-compounded, calculated pursuant to the Fund's Collections Policy, the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

E.      That IHG be held liable for the full and immediate payment of the interest attributable to the full amount of IHG's outstanding withdrawal liability rate of one percent (1%) per month or part thereof, non-compounded, calculated pursuant to the Fund's Collections Policy, the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

F.      That IHG be held liable for the full and immediate payment of the liquidated damages resulting from the delinquent April 1st Installment and the delinquent July 1st Installment calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g);

G.      That IHG be held liable for the full and immediate payment of the liquidated damages resulting from IHG's default on IHG's outstanding withdrawal liability owed to the Fund calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g);

H.      That IHG be held liable for the Fund's costs and expenses incurred in this action and the Fund's efforts to collect the missed installment payments, including its reasonable

attorneys' fees, pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and

1451(e);

      I.     An order requiring IHG to timely pay all installments of withdrawal liability as

set forth in the Revised Assessment with respect to IHG's complete withdrawal from the NRF

Plan;

      J.     Granting such other legal and equitable relief as the Court deems appropriate.

New York, New York
Dated:  August 27, 2019

                       SCHULTE ROTH & ZABEL LLP

                       By:    /s/ Ronald E. Richman

                            Ronald E. Richman
                            Max Garfield
                            Abdulrahman Alwattar

                            919 Third Avenue
                            New York, New York 10022
                            (212) 756-2000 (telephone)
                            (212) 593-5955 (facsimile)
                            Ronald.Richman@srz.com
                            Max.Garfield@srz.com
                            Abdulrahman.Alwattar@srz.com

                            *Attorneys for Plaintiffs*